NOS. 12-24-00128-CR
12-24-00129-CR

IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

| | | |
|---|---|---|
| *JAZMYN MICA HALL,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Jazmyn Mica Hall appeals following the revocation of her deferred adjudication community supervision in two cases. Appellant's counsel filed a brief in compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We affirm.

## BACKGROUND

Appellant was charged by indictment with aggravated assault with a deadly weapon and pleaded "guilty." Appellant also was charged by a separate indictment with obstruction or retaliation and pleaded "guilty" to that charge as well. In each case, the trial court deferred finding Appellant "guilty" and placed her on community supervision for ten years for aggravated assault and eight years for obstruction or retaliation.

Subsequently, the State filed a motion to revoke Appellant's community supervision and to adjudicate guilt in each case, alleging that Appellant violated certain terms and conditions thereof. Specifically, the State contended that Appellant violated the terms of her community

supervision, in pertinent part, because she (1) failed to abide by the law and committed the criminal offense of assault on a family or household member by impeding breathing, (2) failed to abide by the condition prohibiting her possession or consumption of alcoholic beverages, and (3) failed to satisfactorily perform Community Service Restitution as directed.

A hearing was conducted on the State's motion, at which Appellant pleaded "true" to all of the allegations in the State's motion. At the conclusion of the hearing, the trial court found that Appellant violated the terms and conditions of her community supervision as alleged in the State's motion. Thereafter, it revoked Appellant's community supervision, adjudicated her "guilty" of aggravated assault with a deadly weapon and obstruction or retaliation, and sentenced her to imprisonment for twenty years for each offense. This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel filed briefs in compliance with *Anders v. California* and *Gainous v. State*. Appellant's counsel states that he diligently reviewed the appellate records in each case and is of the opinion that the records reflect no reversible error and that there is no error upon which either appeal can be predicated. He further relates that he is well-acquainted with the facts in these cases. In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978), Appellant's briefs present a chronological summation of the procedural history of the cases and further state that Appellant's counsel is unable to raise any arguable issues for appeal in either case.[1] We likewise have reviewed the records in these cases for reversible error and found none.

## CONCLUSION

As required by *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991), Appellant's counsel moved for leave to withdraw in each case. *See also* *In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding). We carried the motions for consideration with the

---

[1] In compliance with *Kelly v. State*, Appellant's counsel provided Appellant with a copy of the briefs, notified Appellant of his motions to withdraw as counsel, informed Appellant of her right to file pro se responses, and took concrete measures to facilitate Appellant's review of the appellate records. *See* *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant was given time to file her own briefs. The time for filing such briefs has expired and no pro se briefs have been filed.

merits. Having done so and finding no reversible error, we **grant** Appellant's counsel's motions for leave to withdraw and ***affirm*** the trial court's judgments.

As a result of our disposition of these cases, Appellant's counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise her of her right to file a petition for discretionary review. *See* TEX. R. APP. P. 48.4; ***In re Schulman***, 252 S.W.3d at 411 n.35. Should Appellant wish to seek review of these cases by the Texas Court of Criminal Appeals, she either must retain an attorney to file a petition for discretionary review on her behalf or she must file a petition for discretionary review pro se. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date that the last timely motion for rehearing was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a). Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See **In re Schulman***, 252 S.W.3d at 408 n.22.

Opinion delivered September 30, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2024**

**NO. 12-24-00128-CR**

**JAZMYN MICA HALL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court

of Smith County, Texas (Tr.Ct.No. 241-0460-21)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 30, 2024**

**NO. 12-24-00129-CR**

**JAZMYN MICA HALL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 241st District Court
of Smith County, Texas (Tr.Ct.No. 241-0461-21)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*